**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MARGARET ALEXANDER**                                                    **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 1:11cv256-D-S**

**MEDPOINT PROFESSIONAL STAFFING, LLC**                      **DEFENDANT**

**MEDPOINT PROFESSIONAL**
**STAFFING, LLC'S TRIAL BRIEF**

MedPoint Professional Staffing, LLC ("Medpoint"), by and through counsel, submits this trial brief regarding collateral estoppel on the issue of the plaintiff's termination from employment.

I. FACTUAL AND PROCEDURAL HISTORY

Margaret Alexander (hereinafter "Alexander") was terminated by MedPoint on or about June 30, 2011. One day after her termination, Alexander filed for unemployment benefits with the Mississippi Department of Employment Security ("MDES") on July 1, 2011. See Initial Claim for Benefits attached hereto as Exhibit "A". On or about July 23, 2011, Alexander's claim for benefits was denied by a claims adjuster. See Notice of Nonmonetary Determination Decision attached hereto as Exhibit "B". Alexander filed an appeal to an Administrative Law Judge. A hearing was held on the matter on August 23, 2011 whereby Alexander presented testimony from herself, Ashley Ford, and Chris Perry. The Administrative Law Judge also took testimony from Lee Stallings of MedPoint. On August 24, 2011, the Administrative Law Judge issued a decision finding in favor of MedPoint. See Administrative Law Judge Decision attached hereto as Exhibit "C". Among the factual determinations made by the Administrative

1551396

Law Judge in denying Alexander's claim for unemployment benefits because Alexander was terminated for cause for taking an unauthorized vacation, were the following:

> (1) "The claimant admits she had never asked for so much time off in a calendar year, or so much time the previous summer and further admits she took the vacation knowing her job was in jeopardy and that she would probably be terminated."
>
> (2) "Based on the totality of the record, the claimant was terminated for misconduct connected with her work and the decision is affirmed."

See Exhibit "C".

Following the adverse decision, Alexander appealed the Administrative Law Judge opinion. On September 19, 2011, the Board of Review affirmed the Administrative Law Judge's opinion and adopted its findings. See Board of Review Decision attached hereto as Exhibit "D." Alexander then filed an appeal of the Board of Review decision to Circuit Court of Monroe County, Mississippi. On September 11, 2012, Judge Funderburk affirmed the decision of the Administrative Law Judge and the Board of Review and adopted the Administrative Law Judge's decision that Alexander was terminated for cause for taking an unauthorized vacation and that her request for unemployment benefits should be denied. See Monroe County Circuit Court Opinion attached hereto as Exhibit "E". The plaintiff did file an appeal from the Monroe County Circuit Court, thus allowing the judgment to become final.

While waiting on a decision on her appeal to the Monroe County Circuit Court, on December 12, 2011, filed her Complaint against MedPoint alleging that it discriminated against her on the basis of race and retaliated against her following her EEOC charge in violation of Title VII and 42 U.S.C. § 1981. See Complaint (ECF Doc. No. 1). This Court dismissed the plaintiff's race discrimination claim on July 22, 2013. See ECF Doc. 57. The plaintiff's only remaining federal claim relates to the alleged retaliatory discrimination of MedPoint in denying

Alexander's vacation request and in terminating her following her decision to take the unauthorized vacation. The plaintiff should be collaterally estopped from presenting any argument to the jury that she was terminated for anything other than misconduct.

## ANALYSIS

MedPoint submits that the rulings by the Administrative Law Judge, the MDES and the Circuit Court of Monroe County collaterally estop Alexander from now claiming that MedPoint fired her in retaliation for her filing of the EEOC charge of race discrimination. As a matter of general policy, administrative estoppel is "favored". Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 110 (1991). Such preclusive effect is justified "on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." Id. at 111. The Fifth Circuit decision in Stafford v. True Temper Sports, 123 F.3d 291 (5th Cir. 1997) makes clear that decisions of an administrative agency such as the Mississippi Department of Employment Security must be granted full faith and credit when they are affirmed by any state court of competent jurisdiction.

In Stafford, the plaintiff was fired for manipulating equipment so that it appeared as if he worked longer hours than he actually worked. Id. at 293-294. Following the termination, the plaintiff sought unemployment benefits from the Mississippi Employment Security Commission ("MESC"). The plaintiff was eventually denied unemployment benefits by the MESC panel and the decision was affirmed in the Circuit Court of Lee County. Id.

The plaintiff in Stafford alleged that he was terminated in retaliation because he was three weeks away from being vested in his employer's pension plan and because he had substantial medical expenses. The plaintiff filed suit under ERISA and also brought a state law claim for

1551396

emotional distress. This Court concluded that the plaintiff's claims were precluded under collateral estoppel. In affirming this Court's decision, the Fifth Circuit opined that "State administrative proceedings which are reviewed by a state court have preclusive effect and a federal court can apply state rules of issue preclusion in determining whether a matter litigated in state court may be re-litigated in federal court." Stafford, 123 F.3d at 295 (Citing Marrese v. Amer. Acad. Ortho. Surgeons, 470 U.S. 373 (1985). With the exception of the federal claim in Stafford being based on ERISA, the Stafford case is almost identical to the present case.

The U.S. Supreme Court has also addressed the issue. The seminal decisions regarding this issue are Astoria Federal Savings v. Solimino, 501 U.S. 104 (1991) and University of Tennessee v. Elliott, 478 U.S. 788 (U.S. 1986). In Astoria, the plaintiff was terminated after 40 years of service and filed a claim under the ADEA with the EEOC, which referred the matter to the state's Division of Human Rights. The plaintiff's claim was then denied by the division and its appeal board. The plaintiff then filed his ADEA claim in federal court. The district court granted summary judgment to the employer based on collateral estoppel and the Court of Appeals reversed. Astoria, 501 U.S. at 106-07. The Supreme Court in Astoria affirmed the Court of Appeals and found that because the respondent was required by § 14(b) of the ADEA, 29 U.S.C.S. § 633(b) to file his claim with the state authorities before filing a claim in federal court, the plaintiff was not precluded by the adverse decision from re-litigating the matter in federal court.

However, as the Astoria Court explained, administrative decisions reviewed by a state court are a different animal. The Court opined:

> Finally, although the wisdom of Congress' decision against according preclusive effect to state agency rulings has no bearing upon the disposition of the case, that choice has plausible policy support. Although it is true that there will be some duplication of effort, the duplication need not be great. **We speak, after all, only**

1551396

**of agency determinations not otherwise subjected to judicial review; our reading of the statute will provide no more than a second chance to prove the claim, and even then state administrative findings may be entered into evidence at trial.** See Chandler, supra, at 863, n. 39. It also may well be that Congress thought state agency consideration generally inadequate to ensure full protection against age discrimination in employment. In this very case, the New York Division of Human Rights, which ruled against respondent on the merits, has itself appeared as amicus on his behalf, highlighting the shortfalls of its procedures and resources. See Brief for New York State Division of Human Rights as Amicus Curiae 18-22. Alternatively, by denying preclusive effect to any such agency determination, Congress has eliminated litigation that would otherwise result, from State to State and case to case, over whether the agency has in fact "acted in a judicial capacity" and afforded the parties "an adequate opportunity to litigate," Utah Constr. Co., 384 U.S. at 422, so as to justify application of a normal rule in favor of estoppel.

Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 107-114 (1991) (emphasis added).

Astoria is inapplicable to the case at hand because it involved an ADEA claim and because the administrative decision in Astoria was not of the same ilk as the decision in the case *sub judice*. Specifically, unlike Astoria, Alexander was not required to exhaust her state law remedies prior to filing suit for retaliation. The plaintiff in Astoria was required to file a claim with the EEOC prior to filing suit, but Alexander was not required to file with the MDES. Likewise, the state agency decision in this matter was reviewed by a state judicial court. In Astoria, the defendant tried to preclude the re-litigation of facts that were never reviewed by any judicial branch. However, the Astoria Court made it clear that when appropriate, federal courts are to give preclusive effect to decisions of administrative agencies. Id. at 111. The present case meets the Astoria criteria regarding review by a state court.

The Supreme Court decision in The University of Tennessee v. Elliot more directly addressed the present issue as it pertains to Title VII. In Elliot, the plaintiff was an African-American male who was terminated from his job for alleged inadequate job performance and misconduct on the job. Elliot, 478 U.S. at 790. The plaintiff alleged that the firing was a result of race discrimination and sought an administrative hearing pursuant to Tennessee Code

1551396

Annotated § 4-5-101.  Prior to the start of the hearing, the plaintiff also sued in federal court under Title VII.  Id. at 790-91.  The university Administrative Law Judge eventually ruled that no discrimination took place, but reversed the termination because the termination was too severe of a penalty for the alleged misconduct.  Id. at 791.  The plaintiff did not file an appeal with any Tennessee state court.  Id. at 792.

Following the administrative decision, the defendant in the federal action then filed a motion regarding the preclusive effect of the Administrative Law Judge's decision.  The district court found that the hearing officer's factual finding of no discrimination precluded the Title VII suit.  The Court of Appeals reversed and reinstated the suit.  Id.  The Supreme Court affirmed in part and reversed in part in finding that general principles of claim preclusion and issue preclusion required federal courts to give preclusive effect to state administrative agency findings.  According to the Court, while not applicable to its case because no state judicial branch reviewed the decision, 28 U.S.C. § 1738 "governs the preclusive effect to be given the judgments and records of state courts."  Id. at 794.  "This Court has held that § 1738 requires that state-court judgments be given both issue and claim preclusive effect in subsequent actions under 42 U. S. C. § 1983."  Id. at 796 (Citations omitted).  "We have previously recognized that it is sound policy to apply principles of issue preclusion to the fact-finding of administrative bodies acting in a judicial capacity."  Elliot, 478 at 797.

> The Court continued:
>
> When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." Id., at 421-422 (1966) (footnotes omitted).
>
> Thus, Utah Construction, which we subsequently approved in Kremer v. Chemical Construction Co., 456 U.S., at 484-485, n. 26, teaches that giving

1551396

> preclusive effect to administrative fact-finding serves the value underlying general principles of collateral estoppel: enforcing repose. This value, which encompasses both the parties' interest in avoiding the cost and vexation of repetitive litigation and the public's interest in conserving judicial resources, Allen v. McCurry, 449 U.S., at 94, is equally implicated whether fact-finding is done by a federal or state agency.

Elliot, 478 at 797-98 (footnotes omitted).

Like in Astoria, a key distinction in Elliot is that no state court reviewed and affirmed the administrative decision. The Elliot Court noted that after losing his second administrative appeal, the plaintiff chose not to appeal to the state court of Tennessee and instead chose to continue in his federal cause of action under Title VII. The Elliot Court explained:

> Respondent appealed to the United States Court of Appeals for the Sixth Circuit, which reversed the District Court's judgment. 766 F.2d 982 (1985). As regards respondent's Title VII claim, the Court of Appeals looked for guidance to our decision in Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982). **3 While Kremer teaches that final state-court judgments are entitled to full faith and credit in Title VII actions, it indicates that unreviewed determinations by state agencies stand on a different footing.** The Sixth Circuit found the following passage from Kremer directly on point:
>
>> "EEOC review [pursuant to 42 U. S. C. § 2000e-5(b)] of discrimination charges previously rejected by state agencies would be pointless if the federal courts were bound by such agency decisions. Batiste v. Furnco Constr. Corp., 503 F.2d 447, 450, n. 1 (CA7 1974), cert. denied, 420 U.S. 928 (1975). Nor is it plausible to suggest that Congress intended federal courts to be bound further by state administrative decisions than by decisions of the EEOC. Since it is settled that decisions by the EEOC do not preclude a trial *de novo* in federal court, it is clear that **unreviewed administrative determinations** by state agencies also should not preclude such review even if such a decision were to be afforded preclusive effect in a State's own courts. Garner v. Giarrusso, 571 F.2d 1330 (CA5 1978), Batiste v. Furnco Constr. Corp., supra; Cooper v. Philip Morris, Inc., 464 F.2d 9 (CA6 1972); Voutsis v. Union Carbide Corp., 452 F.2d 889 (CA2 1971), cert. denied, 406 U.S. 918 (1972)." Id., at 470, n. 7.
>
> The court accordingly held that *res judicata* did not foreclose a trial de novo on respondent's Title VII claim.

1551396

> FOOTNOTES
>
> n3 In Kremer, an employee filed a Title VII discrimination charge with the Equal Employment Opportunity Commission, which pursuant to 42 U. S. C. § 2000e-5 referred the case to the New York State Division of Human Rights, the agency charged with administering the State's employment discrimination laws. The state agency rejected the employee's discrimination claim, **a judgment that was affirmed both at the agency appellate level and by a reviewing state court.** The employee then brought a Title VII action, in which the employer raised a res judicata defense. **This Court held that under 28 U. S. C. § 1738 the state court's judgment affirming the state agency's finding of no discrimination was entitled to preclusive effect in the employee's Title VII action.**

University of Tennessee v. Elliott, 478 U.S. 788 (U.S. 1986) (emphasis added). Thus, in denying collateral estoppel, the Elliot Court explained that under Kremer, the doctrine is appropriate when the administrative decision is reviewed by a competent state court.

The Stafford, Astoria, Elliot and the Kremer courts clearly provide that administrative agency decisions that are reviewed by competent state courts deserve full faith and credit. Therefore, by affirming the MDES's decision, the order from the Circuit Court of Monroe County, Mississippi in this case, should, at the very least, preclude the plaintiff from arguing that she was fired for anything other than cause. See Hurst v. Lee County, 2013 U.S. Dist. LEXIS 89873 (N.D. Miss. June 26, 2013) (While not dismissing the action, giving deference to the Mississippi Employment Security Commission's findings of facts on eight issues for the jury trial). The plaintiff should be collaterally estopped from arguing to the jury that she was terminated in retaliation for filing her EEOC charge, and all factual determinations decided by the Administrative Law Judge should be read to the jury as conclusive and established facts.

1551396

CONCLUSION

Alexander has already litigated various factual issues in the present matter against MedPoint. Alexander was provided a hearing in her quest for unemployment benefits in which she presented testimony on her behalf regarding whether she was fired for cause. The Administrative Law Judge determined that Alexander was terminated for cause. Alexander appealed the decision to the Monroe Circuit Court and the Monroe Circuit Court not only affirmed the decision, but adopted the factual findings in the decision. As such, Alexander should be collaterally estopped from arguing that she was terminated for anything other than cause in the trial on this matter. Alexander should not be heard to argue that she was terminated in retaliation for her EEOC complaint as the factual determination on said issue has already been determined in previous litigation. The jury should be informed that Alexander was terminated for misconduct and that it is not to decide any issues regarding the legality of Alexander's termination.

Respectfully submitted, this the 3rd day of September, 2013.

/s/ Stephen P. Spencer
Stephen P. Spencer (MB 102298)
John S. Hill (MB 2451)
Attorneys for MedPoint Professional
Staffing, LLC, Defendant

Of Counsel

Mitchell, McNutt & Sams, P.A.
Attorneys at Law
Post Office Box 7120
Tupelo, Mississippi 38802
(662) 842-3871

1551396

CERTIFICATE OF SERVICE

This is to certify that I, Stephen P. Spencer, counsel for the defendant, has this day electronically filed its MedPoint Professional Staffing's Trial Brief with the Clerk of the Court using the ECF system which sent notification of such filing to Jim Waide, Esq., counsel for the plaintiff.

DATED: September 3, 2013.

/s/ Stephen P. Spencer
STEPHEN P. SPENCER

1551396