**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MARGARET ALEXANDER**                                        **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.: 1:11CV256-D-S**

**MEDPOINT PROFESSIONAL STAFFING, LLC**                **DEFENDANT**

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S TRIAL BRIEF**

---

**FACTS**

Medpoint Professional Staffing, LLC has filed a Trial Brief [Docket 71], alleging that the "rulings by the Administrative Law Judge, the MDES and the Circuit Court of Monroe County collaterally estop Alexander from now claiming that Medpoint fired her in retaliation for her filing of the EEOC charge of race discrimination." Medpoint brief, p. 3. Defendant claims that a state administrative judge's finding of "misconduct in connection with employment," under Miss. Code Ann. § 71-5-513(A)(1)(b), collaterally estops Alexander from establishing retaliation under 42 U.S.C. § 2000e-3(a).

Alexander has never denied the key fact adjudicated before the MDES – that Alexander took unpaid leave without being authorized to do so. This Court noted that fact in its Memorandum Opinion, granting in part and denying in part, Defendant's Motion for Summary Judgment, when it stated:

> Plaintiff filed an EEOC charge for race discrimination based on Defendant's alleged failure to promote her to a managerial position. Plaintiff received a right to sue letter

> on this charge. Plaintiff requested leave. Plaintiff's leave request was denied. Plaintiff took unauthorized leave. Upon Plaintiff's return to work, she was discharged from her employment.

Memorandum Opinion, p. 1 [Docket 57].

All that the MDES finding adds to this Court's prior ruling that Alexander's taking unauthorized leave constitutes "misconduct in connection" with Alexander's work, as "misconduct" is defined by the Mississippi Unemployment Compensation Act.

The issue now raised by Defendant's brief is whether the MDES determination of misconduct in connection with work prevents this Court from deciding whether or not Alexander would have been denied leave and discharged "but for" her EEOC charge.

## **ARGUMENT I.**

### **DEFENDANT HAS WAIVED ITS COLLATERAL ESTOPPEL DEFENSE.**

Defendant's Answer lists some seventeen (17) defenses, not including subparts. The Answer is boilerplate, listing several obviously inapplicable defenses, including such defenses as claiming Plaintiff's injuries "are the result of acts of third parties" in its Tenth Defense; claiming that there were "superseding intervening actions" in its Eleventh Defense; and claiming that damages are "governed by the Workers' Compensation Act" in its Fifth Defense. Contained among these boilerplate defenses is Defendant's Seventh Defense, which states, "The plaintiff's claims are barred by the doctrines of laches and/or estoppel." [Docket 15].

This defense, of course, does not list any specific facts indicating the applicability of a collateral estoppel defense. It simply says, in conclusory fashion, that the defense is barred by "laches and/or estoppel." The first time this matter ever arose was in the Pretrial Order [Docket 65], when Defendant listed the following as an issue of law:

> 7. The effect of the Circuit Court of Monroe County, Mississippi in affirming the ruling of the Mississippi Department of Employment Security that Alexander was fired for cause.

The answer to the issue listed in the Pretrial Order [Docket 65] about the effect of the MESC hearing should be "no effect."

Quoting controlling Fifth Circuit precedent, the United States District Court for the Southern District of Texas has recently stated:

> The Fifth Circuit has held that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999). In *Woodfield*, decided before the Supreme Court's influential decisions in *Twombly*[1] and *Iqbal*[2], the Fifth Circuit determined that the federal pleading standards required that "a defendant ... must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced ... [and that] in some cases, merely pleading the name of the affirmative defense ... may be sufficient . . ."

*Vargas v. HWC Gen. Maintenance, LLC*, 2012 WL 948892, *2 (S.D. Tex., Mar. 20, 2012).

After so quoting the Fifth Circuit precedent, Judge Harmon cites numerous district courts which hold defendants to the same pleading requirements applicable to plaintiffs. Here, as in *Vargas*, Defendant's "estoppel" defense is no more than "legal conclusions devoid of factual allegations." *Id.*, at p. 2.

In this case, Defendant has given Plaintiff no "fair notice" of any affirmative defense. It never states that it seeks collateral estoppel based upon an MESC determination, nor that any proceedings before the MESC had anything to do with its conclusory defense of "laches and/or estoppel." Accordingly, this Court should not consider Defendant's affirmative defense of collateral estoppel.

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## **ARGUMENT II.**

**THIS COURT IS NOT BOUND BY THE JUDICIALLY-REVIEWED MDES DETERMINATION BECAUSE THE ISSUE OF WHETHER BUT FOR ALEXANDER'S FILING AN EEOC CHARGE SHE WOULD HAVE BEEN TERMINATED WAS NOT DECIDED BY MDES.**

Interpreting 42 U.S.C. § 1738, *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982), established that a judicially-reviewed determination of a state administrative agency, that defendant did not discriminate because of <u>race</u>, must be given full faith and credit in a Title VII race discrimination suit in federal court. According to *Kremer*, such a finding on the issue of race discrimination in state court must be followed on the same issue of race discrimination in federal court since "[s]ection 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." 456 U.S. at 466.

Following *Kremer*, by examining Mississippi law, brings into play the least state law decision in *Mississippi Employment Sec. Com'n v. Philadelphia Mun. Separate School Dist. of Neshoba County*, 437 So.2d 388 (Miss. 1983). There, Mississippi Supreme Court Justice Jimmy Robertson held that the Mississippi Employment Security Commission was not required to give collateral estoppel effect to the judicially-reviewed finding of a school board, that a teacher had committed misconduct justifying his termination. The Mississippi Supreme Court held that collateral estoppel effect was not required because the issue of whether there was misconduct by the teacher was not "essential to the judgment" of the school board. 437 So.2d at 397. Additionally, in the course of refusing to give collateral estoppel effect to the decision of the school board, the Mississippi Supreme Court indicated a skepticism toward the doctrine of collateral estoppel, stating: "[T]he doctrine of collateral estoppel must never be seen as anything other than an unusual

4

exception to the general rule that all fact questions should be litigated fully in each case." 437 So.2d at 397.

Significantly, *Mississippi Employment Sec. Com'n v. Philadelphia Mun. Separate School Dist. of Neshoba County* noted that the school board did not "necessarily" have to reach the issue of misconduct at all. 437 So.2d at 397. Similarly, in this case, the MDES did not have to reach at all, and did not reach the issue of whether, but for Alexander's filing an EEOC charge, she would have been terminated. The MDES could, and did, adjudicate a different issue – that Alexander was guilty of "misconduct" when she took unauthorized leave. Applying Mississippi's most thorough discussion of the collateral estoppel issue – that in *Mississippi Employment Sec. Com'n v. Philadelphia Mun. Separate School Dist. of Neshoba County* – would result in this Court's finding that the issues before the MDES and before this Court are not identical. Certainly, the MDES did not "necessarily" adjudicate the issue of whether or not Alexander's filing an EEOC charge was the "but for" cause of her not being allowed to take leave and, thus, was the "but for" cause of her termination.

*Mississippi Bd. on Law Enforcement Officer Standards and Training v. Clark*, 964 So.2d 570 (Miss. App. 2007), upheld a determination by the Civil Service Commission Board, that a law enforcement officer was disqualified because of his possession of illegal drugs, despite the defendant's claim that an earlier MDES determination of no misconduct should have been followed. *Clark* thus establishes a general Mississippi policy of not giving collateral estoppel effect to a determination of the MDES. *Mississippi Employment Sec. Com'n v. Philadelphia Mun. Separate School Dist. of Neshoba County* and *Mississippi Bd. on Law Enforcement Officer Standards and Training v. Clark* are the two (2) Mississippi decisions most like the present case, and both of those decisions indicate a Mississippi court would not apply collateral estoppel under the present facts.

5

Mississippi courts have repeatedly held that the issue in a prior proceeding must be "identical" to the issue in the present proceeding in order for collateral estoppel to apply.[3]

In this case, the Mississippi Administrative Law Judge was well aware of the filing of the EEOC charge, but his decision does not adjudicate the effect of the EEOC charge. The MDES Administrative Law Judge wrote:

> The claimant contends that the employer could have told her sooner than mid June she was not approved but waited because the employer was upset with her for EEOC complaint, which was received on May 23, 2011, and that this was retaliation. The employer stated that two supervisors refrained from dealing with the claimant directly because of the pending EEOC complaint but did make sure that claimant was informed by a superior and an email that she was not approved for the time she asked for and took it anyway. Based on the totality of the record, the claimant was terminated for misconduct in connection with her work and the decision is affirmed.

Administrative Law Judge Decision, attached hereto as Exhibit "A."

Thus, the Administrative Law Judge did not grapple with the difficult "but for" causation involved in this case. It simply found that the "claimant was terminated for misconduct connected with her work..." *Id.* The Administrative Law Judge did not resolve the present issue of whether Alexander would have been authorized to take leave had it not been for her filing the EEOC charge. The Administrative Law Judge did not decide whether the filing of the EEOC charge was a "but for" cause of the termination.

Defendant claims that two (2) Fifth Circuit cases are decisive. *Cox v. DeSoto County, Miss.*, 564 F..3d 745 (5th Cir. 2009), held that a jail administrator's First Amendment claim that she was fired for exercising free speech rights was barred because of a determination of the MDES that she

---

[3] These many Mississippi authorities include: *Smith v. Malouf*, 826 So.2d 1256 (Miss. 2002); *Southern Land and Resources Co. v. Dobbs*, 467 So.2d 652 (Miss. 1985); *Wesley v. Mississippi Power & Light Co.*, 273 So.2d 174 (Miss. 1973); *Bush Const. Co. v. Walters*, 179 So.2d 188 (Miss. 1965); *Mayor and Bd. of Aldermen, City of Ocean Springs v. Homebuilders Ass'n of Mississippi*, 932 So.2d 44 (Miss. 2006); *Richardson v. Audubon Ins. Co.*, 948 So.2d 445 (Miss. App. 2006); *Channel v. Loyacono,* 954 So.2d 415 (Miss. 2007).

6

had been fired for making a false statement. *Stafford v. True Temper Sports*, 123 F.3d 291 (5th Cir. 1997), held that an employee's claim that he was discharged to keep ERISA benefits from vesting was barred by an MDES finding that he had been discharged for manipulating the hours of his work.

*Cox* and *Stafford* are different from this case because they do not address the causation issue here presented. A legal opinion "cannot be read as foreclosing an argument that they never dealt with." *Waters v. Churchill*, 511 U.S. 661, 678 (1994).

Unlike *Cox* and *Stafford*, other courts of appeals have addressed a similar issue. See *Hill v. Coca Cola Bottling Co. of New York*, 786 F.2d 550 (2nd Cir. 1986) (finding of unemployment administrative law judge of "misconduct" was binding against plaintiff, but this did not dispose of his claim that he was discriminated against on grounds of race); *Delgado v. Lockheed-Georgia Co.*, 815 F.2d 641, 646-67 (11th Cir. 1987) (unemployment administrative law judge determined that plaintiff was guilty of "misconduct," but this does not decide the issue of whether defendant had been discriminated against him on grounds of age).[4]

This Court has also recently addressed a similar issue. In *Hurst v. Lee County, Mississippi*, 2013 WL 3243633 (N.D. Miss. 2013), a former deputy sheriff alleged he was discharged in violation of his First Amendment free speech rights. Defendant Lee County responded that the MDES had found that Hurst was discharged for violation of the Lee County policy against releasing information to the media without the sheriff's permission. This Court found that plaintiff's claim for discharge in violation of constitutional rights was not precluded by the MDES determination, because that department only determined whether plaintiff was guilty of misconduct in connection with his work,

---

[4] The case for a narrow construction of collateral estoppel when applied to unemployment tribunals is persuasively argued in *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1284 (9th Cir. 1986), and by Ann C. Hodges in *The Preclusive Effect of Unemployment Compensation Determinations and Subsequent Litigation A Federal Solution*, 38 Wayne L.Rev. 1803 (1992).

which is defined by Mississippi law as being "such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of the standards of behavior which the employer has the right to expect from his employees." *Id.* at *4. This Court found that the "ALJ's determination does not preclude Plaintiff's First Amendment claims here, but those factual determinations will collaterally estop the parties from litigating those same issues." *Id.*

Here, should the Court follow *Hurst*, the appropriate holding would be that although Alexander is collaterally estopped from denying that she took leave without permission (which she has never contested), but this does not "collaterally estop" her from litigating the Title VII issue of whether but for the filing of her EEOC charge, she would have been terminated.

## **CONCLUSION**

The outcome of Alexander's unemployment compensation hearing does not collaterally estop Alexander from proceeding with this retaliation case.

    Respectfully Submitted,

    WAIDE & ASSOCIATES, P.A.


    BY: */s/ JIM WAIDE*
        JIM WAIDE
        MS BAR NUMBER 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
E-MAIL: waide@waidelaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Ron L. Woodruff, attorney for Plaintiff, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

John Samuel Hill, Esq.
jhill@mitchellmcnutt.com
lmcmillen@mitchellmcnutt.com

Stephen P. Spencer, Esq.
sspencer@mitchellmcnutt.com
ewambles@mitchellmcnutt.com

DATED, this the 16th day of September, 2013.

*/s/ JIM WAIDE*
JIM WAIDE