UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARGARET ALEXANDER                                                                    PLAINTIFF

v.                                                                  CIVIL ACTION NO. 1:11-CV-00256-GHD

MEDPOINT PROFESSIONAL STAFFING, LLC                                        DEFENDANT

MEMORANDUM OPINION

Presently before the Court is a trial brief [71] filed by Defendant MedPoint Professional Staffing, LLC ("Defendant"). In the brief, Defendant contends that Plaintiff should be collaterally estopped from arguing to the jury that she was terminated for any other reason than cause, as the issue of Plaintiff's termination has been litigated in a separate proceeding concerning Plaintiff's qualifications for unemployment benefits through the Mississippi Department of Employment Security (the "MDES").[1] Upon due consideration of this issue, the Court finds that collateral estoppel does not apply to Plaintiff's retaliation claim under Title VII and 42 U.S.C. § 1981.

*A. Factual and Procedural Background*

One day after Plaintiff was terminated from her job with Defendant, Plaintiff sought unemployment benefits through the MDES. The claims adjuster assigned to her case denied her claim for benefits, stating in his decision:

> An investigation reveals you were discharged for unauthorized absenteeism when you took off work a week after the employer had denied your request to do so. Your actions are in violation of company policy and are grounds for termination. The reason for your discharge is considered misconduct connected with your work. You are disqualified from receiving Unemployment Insurance benefits . . . .

---

[1] The MDES was previously called the Mississippi Employment Security Commission (the "MESC").

1

MDES Notice of Nonmonetary Determination Decision [71-2] at 1. Plaintiff appealed the denial to the MDES Administrative Law Judge, who held that "[b]ased on the totality of the record, the claimant was terminated for misconduct connected with her work and the decision is affirmed." MDES ALJ Decision [71-3] at 3. Subsequently, the Board of Review concluded that "after careful review and consideration of all the evidence, the Board of Review adopts the Findings of Fact and Opinion of the Administrative Law Judge and hereby affirms the decision." MDES Bd. of Review Decision [71-4] at 1. Plaintiff then appealed to the Circuit Court of Monroe County, Mississippi. On September 11, 2012, Judge Funderburk affirmed the decision of the Board of Review, finding that "the decision of the Board of Review of the [MDES] was supported by substantial evidence, was not arbitrary, and contains no errors of law and that the same should be AFFIRMED." *See* Monroe Cnty. Cir. Ct. Order [71-5] at 1. Plaintiff did not appeal the decision of the Monroe County Circuit Court, thus allowing that judgment to become final.

On December 12, 2011, Plaintiff initiated the instant suit against Defendant, alleging race discrimination and retaliation for filing an EEOC charge in violation of Title VII and 42 U.S.C. § 1981. On February 12, 2013, Defendant filed a motion for summary judgment [45] on Plaintiff's claims. In an Order [56] and memorandum opinion [57] dated July 22, 2013, this Court granted summary judgment to Defendant on Plaintiff's race discrimination claims, but sustained Plaintiff's retaliation claims. In the amended pretrial Order [70], which was entered on September 3, 2013, Defendant claims in its summary of the facts that Plaintiff was "terminated for taking unapproved leave with full notice of the likely consequences of her act. The Circuit Court of Monroe County affirmed the ruling of the [MDES] that [Plaintiff] was terminated for cause, which the [D]efendant claims acts as collateral estoppel on that issue." Am. Pretrial Order [70] at 4. Included in the contested issues of law is the following: "[t]he effect of the Circuit

2

Court of Monroe County, Mississippi in affirming the ruling of the [MDES] that [Plaintiff] was fired for cause." *Id.* at 5 ¶ 7. That same day, Defendant filed the present trial brief [71] requesting that all factual determinations decided by the Administrative Law Judge with respect to Plaintiff's termination be read to the jury as conclusive and established facts and that the jury not be permitted to decide any issues regarding the legality of Plaintiff's termination. The Court continued the trial so that the parties could fully brief the issue for the Court's consideration. Plaintiff has now filed a response, Defendant has filed a reply, and the matter is ripe for review.

### B. *Analysis and Discussion*

As stated above, Defendant asks this Court to find that Plaintiff is collaterally estopped from asserting that she was terminated for any reason other than work-related misconduct based on the finding of the MDES and the Circuit Court of Monroe County. The factors in question are central to Plaintiff's retaliation claims, and thus, the determination of whether the termination-for-cause finding of the MDES and the Circuit Court of Monroe County should be accepted as part of the instant case is properly addressed prior to the upcoming trial.

"The federal courts must give an agency's fact finding the same preclusive effect that they would a decision of a state court, when the state agency is acting in a judicial capacity and gives the parties a fair opportunity to litigate." *Stafford v. True Temper Sports*, 123 F.3d 291, 294 (5th Cir. 1997) (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986)). "As far as Mississippi is concerned, the decisions of [the MDES] have preclusive weight in Mississippi courts, are appealable through the Mississippi court system, and even have the potential for review by the United States Supreme Court." *Id.* at 295 (citing MISS. CODE ANN. § 71–5–531). "State administrative proceedings which are reviewed by a state court have preclusive effect and a federal court can apply state rules of issue preclusion in determining

whether a matter litigated in state court may be relitigated in federal court." *Id.* (citing *Marrese v. Amer. Acad. Ortho. Surgeons*, 470 U.S. 373, 382, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985)). Thus, in the case *sub judice*, the ruling of the Circuit Court of Monroe County, as a judicially reviewed decision of the MDES and a final judgment, can have preclusive weight in this Court, because it is entitled to "the same full faith and credit in every court within United States . . . as [it has] by law or usage in the courts of such State . . . ." *See* 28 U.S.C. § 1738.

Under the doctrine of claim preclusion, otherwise known as collateral estoppel, a litigant is "precluded from relitigating in the present suit specific questions actually litigated and determined by and essential to the judgment in the prior suit, even though a different cause of action is the subject of the present suit." *Channel v. Loyacono*, 954 So. 2d 415, 425 (¶ 34) (Miss. 2007) (internal quotation marks and citations omitted). Collateral estoppel is "an unusual exception to the general rule that all fact questions should be litigated fully in each case" and is "neither mandatory nor mechanically applied." *Marcum v. Miss. Valley Gas Co.*, 672 So. 2d 730, 733 (Miss. 1996) (internal quotation marks and citations omitted).

Defendant maintains that Plaintiff should be collaterally estopped from arguing to the jury that she was terminated for any other reason than cause and cites in support *Stafford v. True Temper Sports*. In *True Temper*, a case initially brought in this Court, the plaintiff sued his former employer for retaliation under ERISA, *inter alia*. The undersigned granted summary judgment in favor of the employer, Plaintiff appealed the ruling, and the Fifth Circuit Court of Appeals affirmed the decision, finding that the state agency's findings in the unemployment benefits denial had preclusive effect in *True Temper*.

*True Temper* and the instant case have many similarities. In *True Temper*, the plaintiff had sought unemployment benefits through the then-Mississippi Employment Security

4

Commission (the "MESC"); the MESC claims examiner had denied Plaintiff's claim for benefits; the MESC Board of Review had concluded that the plaintiff had been terminated for misconduct; the plaintiff had appealed the denial of unemployment benefits to the Circuit Court of Lee County; the Circuit Court of Lee County had affirmed the MESC's ruling; and the plaintiff had then asserted a retaliation claim against his employer in this Court.

However, the key distinction between *True Temper* and the instant case is that the plaintiff in *True Temper* asserted his retaliation claim under ERISA, and the Plaintiff in the instant case asserts her retaliation claims under Title VII and 42 U.S.C. § 1981. The Fifth Circuit pointed out in *True Temper*, as had this Court in its opinion, that "the instant case is not one of those exceptional cases [fitting into the exception whereby Congress has manifested its intent that state administrative decisions have no preclusive effect] because ERISA is not governed by any scheme enforced by the EEOC or any like agency, and hence, collateral estoppel can be applied." *True Temper*, 123 F.3d at 294.

Collateral estoppel does not apply to state administrative decisions where Congress has provided for a detailed administrative remedy, such as Title VII. *Cox v. DeSoto County, Miss.*, 564 F.3d at 748–49 (citing *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 110–14, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991)). *Accord Wright v. Custom Ecology, Inc.*, No. 3:11CV760 DPJ–FKB, 2013 WL 1703738, at *5 (S.D. Miss. Apr. 19, 2013); *Finnie v. Lee County, Miss.*, 907 F. Supp. 2d 750, 761 n.13 (N.D. Miss. 2012); *Moore v. Shearer–Richardson Mem. Nursing Home*, 1:10CV170B–S, 2012 WL 1066340, at *3 (N.D. Miss. Mar. 28, 2012); *Smith v. Koch Foods of Miss., LLC*, 3:09CV668 DPJ–FKB, 2011 WL 2415336, at *2 n.1 (S.D. Miss. June 13, 2011). Although in this case the Circuit Court of Monroe County affirmed the MDES's denial of benefits, the court's scope of review of the MDES's ruling was quite limited.

"Absent fraud, the findings of fact of the Board of Review [of the MDES] are conclusive if supported by substantial evidence." *Brown v. MDES*, 29 So. 3d 766, 769 (¶ 7) (Miss. 2010) (citation omitted). "A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise." *Sprouse v. MESC*, 639 So. 2d 901, 902 (Miss. 1994). In addition, this Court is not required to apply collateral estoppel even if it is warranted. As stated above, collateral estoppel is "neither mandatory nor mechanically applied." *See Marcum*, 672 So. 2d at 733. Further, the purposes served by collateral estoppel, such as protecting parties from multiple lawsuits and the possibility of inconsistent decisions and the conservation of judicial resources, do not justify applying the doctrine in this case. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 553, 110 S. Ct. 1331, 108 L. Ed. 2d 504 (1990) (internal citation omitted). Allowing Plaintiff to go to trial on her retaliation claims would not "dissipate judicial resources in needless litigation over previously resolved issues." *See id.* (internal quotation marks and citation omitted). Plaintiff has brought but one case asserting Title VII and § 1981 retaliation claims, and the limited nature of the scope of the Circuit Court of Monroe County's review of the MDES's denial of Plaintiff's unemployment benefits further convinces this Court that the MDES proceeding and this Title VII and § 1981 proceeding are separate and preclusive effect should not be given to the termination-for-cause finding in the administrative proceeding. *See generally Thomas v. Louisiana, Dep't of Soc. Servs.*, 406 F. App'x 890, 895 (5th Cir. 2010) (per curiam).

Accordingly, the Court finds that Plaintiff should not be collaterally estopped from asserting that she was terminated for a reason other than cause. Plaintiff's retaliation claims are asserted under the auspices of Title VII and 42 U.S.C. § 1981, Congress has manifested an intent that state administrative rulings not have preclusive effect in such cases, and the Circuit Court of

Monroe County's scope of review of the MDES decision was quite limited. For all these reasons, this Court finds that the MDES's finding and subsequent affirmance of the Circuit Court of Monroe County that Plaintiff was terminated for work-related misconduct does not have preclusive effect in the instant case.

### C. Conclusion

In sum, Defendant's request for collateral estoppel is DENIED, and Plaintiff shall proceed to trial on her Title VII and 42 U.S.C. § 1981 retaliation claims.

An order in accordance with this opinion shall issue this day.

THIS, the 7th day of January, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE